# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-60872

RICHARD CRAVEN

Plaintiff-Appellee

v.

CASHMAN EQUIPMENT CORPORATION

Defendant - Cross Claimant -
Cross Defendant - Appellant -
Cross-Appellee

v.

OFFSHORE SPECIALTY FABRICATORS INC.

Cross Defendant - Cross Claimant -
Appellee - Cross Appellant.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CV-545

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant Cashman Equipment Corporation ("Cashman") appeals the judgment in favor of appellee Richard Craven ("Craven") in this maritime negligence case. Cashman argues that the district court made clearly erroneous fact findings, erred in apportioning fault, and erroneously rejected limitation of liability. Cross-Appellant Offshore Specialty Fabricators, Inc. ("OSFI") appeals the district court's failure to award prejudgment interest on its reimbursement claim against Cashman. We affirm the district court's judgment but remand for consideration of OSFI's entitlement to prejudgment interest.

## FACTUAL AND PROCEDURAL BACKGROUND

Cashman owned the *Conical*, a dilapidated dredge littered with debris and strewn with tears. When the *Conical* was moored at Cove Fleeting, Cashman removed her crane, creating a three-foot by three-foot hole in the deck (the "hole"). Cashman then moved the *Conical* to the Riverland Fleeting facility on the Atchafalaya River. OSFI leased a barge from Cashman and was returning the barge to Riverland Fleeting when the accident occurred. OSFI was instructed to place the rented barge in a position that required securing three barges (including the *Conical*) and shifting the group along the river. This was to be done at night.

Viewing the evidence in the light most favorable to the judgment, Craven, an OSFI employee, boarded the *Conical* to prepare it for shifting. After the *Conical* and another barge were secured together, Craven's partner was working to untie the *Conical* from its moorings. Craven moved to assist his partner, without a functioning headlight on his safety helmet. On his way, he walked across an unlit area of the *Conical*'s deck and fell through the hole.

Craven sued Cashman for maritime negligence and OSFI under the Jones Act. Prior to trial, Craven and OSFI settled and OSFI filed a cross-claim against Cashman for reimbursement. After a bench trial, the district court found Cashman 85 percent at fault, OSFI 10 percent at fault, and Craven 5 percent at

fault. In a separate ruling, the district court denied Cashman's petition for limited liability because the *Conical* was a "dead vessel," and because Cashman had knowledge of and privity to the hole. Cashman appeals the distribution of fault and the limitation of liability rulings. OSFI appeals only the district court's failure to award prejudgment interest on OSFI's recovery of past maintenance and cure expenses.

## DISCUSSION

The standard of review for a bench trial is well established: Findings of fact are reviewed for clear error and legal issues are reviewed *de novo*. *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005). Clear error exists if (1) the findings are without substantial evidence to support them, (2) the court misapprehended the effect of the evidence, and (3) the force and effect of the testimony, considered as a whole, convinces the court that the findings are so against the preponderance of credible testimony that they do not reflect or represent the truth and right of the case. *Moorhead v. Mitsubishi Aircraft Int'l, Inc.*, 828 F.2d 278, 283 (5th Cir. 1987).

### A. Distribution of Fault

Cashman appeals the distribution of fault by challenging the factual findings that its representatives saw or should have seen the hole into which Craven fell. The district court found that Levans Pontiff ("Pontiff") (Cashman's operations manager at the time), Skip Broussard ("Broussard") (an equipment manager), and other unidentified representatives (the "Unidentified Representatives") saw or should have seen the hole.

We find no clear error in the district court's findings that Pontiff and Broussard saw or should have seen the hole. Pontiff testified that he was at Cove Fleeting after the *Conical*'s crane had been removed. Cashman's own expert testified that the crane removal caused the hole. It is a permissible view of the evidence to conclude that the hole existed when Pontiff visited and that

Pontiff had the opportunity to see the significant hole into which Craven fell. Testimony by employees of OFGI and Riverland Fleeting shows that Broussard was on the *Conical* for several days when the hole existed. It is a permissible view of the evidence to conclude that Broussard saw or should have seen the hole.

Either Pontiff's or Broussard's knowledge was sufficient to support the judgment. Even if the court's findings of knowledge were clearly wrong, however, the judgment withstands attack on the un-challenged basis that Cashman should have known about the hole.

## B. Cashman's Motion for Limited Liability

Cashman also argues that the district court incorrectly denied its motion for limited liability because it mistakenly categorized the *Conical* a "dead ship." We do not reach this point. The record provides sufficient evidence to deny limitation based on Cashman's knowledge and privity.

The owner of a vessel cannot limit his liability if he had knowledge and privity of the condition that caused the harm. 46 U.S.C. § 30506(e). Privity is clear; the only issue is whether Cashman knew of the hole. A corporate principal is generally considered to know what its agents discover concerning those matters in which the agents have the power to bind the principal. *In re Hellenic, Inc.*, 252 F.3d 391, 395 (5th Cir. 2001). Deciding whether to impute knowledge is fact-intensive, and some threshold for imputation is required. *Id.* The district court found that two of Cashman's agents, Pontiff and Broussard, had actual knowledge of the hole in question and imputed that knowledge to Cashman.

After a careful review of the record, we do not find clear error. In its brief, Cashman does not challenge whether Pontiff's or Broussard's actual knowledge can be properly imputed to Cashman. At oral argument, Cashman made a cursory challenge as to whether Pontiff or Broussard had sufficient responsibility to warrant imputing their knowledge to Cashman. This challenge,

however, does not rise to the level of clear error. Pontiff's and Broussard's titles (operations manager and supervisor, respectively) demonstrate a level of responsibility that supports imputing their knowledge to Cashman. Further, if neither Pontiff nor Broussard was responsible for the *Conical*, then Cashman is liable because Cashman failed to put any agent in charge of the dredge.

## C. OSFI's Prejudgment Interest

OSFI appeals only the district court's failure to award prejudgment interest on OSFI's recovery from Cashman. OSFI asserts that this was an oversight by the district court. "[I]n maritime cases the award of prejudgment interest is the rule, rather than the exception, and the trial court has discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable." *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 204 (5th Cir. 1995). We review for clear error the district court's factual determinations of peculiar circumstances, while we review a denial of prejudgment interest for abuse of discretion. *Id.* This court held that "[i]f the trial court does not make any mention of prejudgment interest in its judgment or its findings of fact and conclusions of law, then it is . . . difficult to infer that the trial court has found peculiar circumstances and decided to exercise [its] discretion." *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 721, 730 (5th Cir. 1980).

Although the district court made no findings of peculiar circumstances that would warrant denying prejudgment interest to OSFI, it did award prejudgment interest to Craven. Whether the district court's failure to award OSFI interest was merely a clerical oversight or a conscious decision, we cannot infer. The better course is to remand for the district court to consider this in the first instance. *See Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 215 (5th Cir. 2006).

For these reasons, the judgment is **AFFIRMED IN PART** and **REMANDED IN PART**.